IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEJANDRO TARIN, Inmate #15752-047, )<br>)<br>        **Plaintiff,**          )<br>)<br>vs.                                         )<br>)<br>UNITED STATES OF AMERICA and )<br>BUREAU OF IMMIGRATION AND )<br>CUSTOMS ENFORCEMENT,     )<br>)<br>        **Defendants.**        )  | CIVIL NO. 04-544-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      Plaintiff, an inmate in the Federal Correction Institution in Greenville, Illinois, brings this action seeking a declaratory judgment as to his citizenship status pursuant to 28 U.S.C. § 2201. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

      This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and

any supporting exhibits, the Court finds that Plaintiff's claim may not be dismissed at this point in the litigation.

### FACTUAL ALLEGATIONS

Plaintiff, serving a federal sentence on a drug conviction, states that Defendants have lodged a detainer against him which may lead to deportation at the expiration of his sentence. Plaintiff states that he entered the United States from Mexico in 1974 as a child with his parents, who were later lawfully naturalized. He argues that he should not be deported because by statute (8 U.S.C. § 1431(a)) he became a naturalized citizen at the time of the naturalization of one or both of his parents. Plaintiff states he has been in the United States as a lawful permanent resident for over thirty years, he believed himself to be a naturalized citizen, and he has no known relatives in Mexico. Plaintiff seeks a declaratory judgment as to his citizenship status.

### LEGAL STANDARDS

Under the Declaratory Judgment Act, federal courts have the power to make declarations regarding "the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Specifically, a party may "seek a declaration of the constitutionality of [a] disputed governmental action before potentially uncompensable damages are sustained." *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 71 n. 15 (1978). Federal courts, however, may not exercise this power unless there exists between the parties an "actual case or controversy" as required for federal courts to establish jurisdiction in Article III of the constitution. *See Deveraux v. The City of Chicago*, 14 F.3d 328, 330-31 (7th Cir. 1994). "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a

conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Id.* at 331, (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

Based upon these legal standards, the Court cannot find that Plaintiff has not stated an "actual case or controversy" ripe for declaratory judgment. Accordingly, Plaintiff shall be allowed to proceed on the sole count of the complaint against the United States and the Bureau of Immigration and Customs Enforcement.

### DISPOSITION

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for the **ATTORNEY GENERAL of the UNITED STATES** and the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** within **THIRTY DAYS** of the date of entry of this Order. The Clerk is **DIRECTED** to send Plaintiff **2** USM-285 forms with Plaintiff's copy of this Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant**.

The Clerk is **DIRECTED** to prepare an original summons for each named Defendant: the **UNITED STATES of AMERICA** and the **BUREAU of IMMIGRATION and CUSTOMS ENFORCEMENT** to be served by the United States Marshal upon the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS**.

The Clerk is **FURTHER DIRECTED** to prepare a copy of each summons, a copy of the complaint, and a copy of this Order to be served by the United States Marshal on the **ATTORNEY GENERAL of the UNITED STATES**.

The United States Marshal is **DIRECTED** to serve the original summons and complaint on the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS**, and a

<u>copy</u> of the summons and complaint on the **ATTORNEY GENERAL of the UNITED STATES**.

Plaintiff is **ORDERED** to serve upon each defendant, or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to each defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: August 23, 2006**

                                              s/ J. Phil Gilbert
                                              **U. S. District Judge**