IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALEJANDRO TARIN,            )
                            )
    Plaintiff,             )
                            )
v.                          )     Case No. 3:04-cv-544-JPG
                            )
UNITED STATES, et al.,      )
                            )
    Defendants.            )

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss (Doc. 20). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED IN PART and GRANTED IN PART**, that Defendants Answer (Doc. 14) be **STRICKEN**, that Defendants be **ORDERED** to file an answer that complies with the Federal Rules, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Plaintiff Alejandro Tarin is an inmate serving a federal sentence on a drug conviction in the Federal Correction Institution in Greenville, Illinois, who brings this action seeking a declaratory judgment as to his citizenship status pursuant to 28 U.S.C. § 2201. Defendants have lodged a detainer against him, which may lead to deportation at the expiration of his sentence.

Plaintiff disputes the allegation that he is not a United States citizen. In his Complaint (Doc. 1), Plaintiff states that pursuant to 8 U.S.C. § 1432(a) (repealed in 2000), or 8 U.S.C. § 1431(a) (as amended in 2000), he automatically became a United States citizen upon the naturalization of his parents sometime after he entered the United States for the first time in 1974, at the age of seven. Plaintiff was born on April 24, 1967, to Rosa and Jose Tarin in Chihuahua, Mexico.

On June 13, 2007, Defendants filed a document entitled, "Government's Response and Answer to Petition for Declaratory Judgment Pursuant to 28 U.S.C. § 2201" (Doc. 14). Despite being filed as an "answer," this document does not set forth a response to Plaintiff's Complaint in numbered paragraphs. In fact, this document is almost identical to the Motion to Dismiss (Doc. 20), filed by Defendants on September 17, 2007, with almost every paragraph copied verbatim, and with each document containing "Discussion" sections.

The Motion to Dismiss (Doc. 20) asserts that Plaintiff's case should be dismissed for failure to state a claim. Specifically, the motion alleges that Plaintiff cannot prove several elements of his case, including that he resided in the United States pursuant to lawful admission, was less than eighteen years old at the time of his parent's naturalization, or even that both of his parents were naturalized.

In both the Answer and the Motion to Dismiss, Defendants state that "[s]ervice records prove" that Plaintiff did not enter the United States legally with his father in May 1974 (Doc. 14 at 2; 20 at 2). In both of these documents, Defendants also state that "the Service can be certain in the claim that [Plaintiff] did not derive United States citizenship from his parents because he did not receive his lawful permanent resident status until 3 months before his 18th birthday." (Doc. 14 at 4; 20 at 2-3). No exhibits, attachments, or affidavits accompanied either of these documents to support the allegations of what service records indicate.

## CONCLUSIONS OF LAW

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must regard the allegations in the complaint as true, viewing all facts and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000). The purpose of

a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Weiler v. Household Finance Corp., 101 F.3d 519, 524 n. 1 (7th Cir.1996) (citations omitted).

In this case, it is unclear whether Plaintiff intends to rely solely on 8 U.S.C. § 1432(a) as it existed prior to its repeal in the year 2000. To the extent that Plaintiff intends to rely on 8 U.S.C § 1431(a)[1] as amended in 2000, Plaintiff fails to state a claim because he was over eighteen years old on February 27, 2001, the Act's effective date. Ali v. Ashcroft, 395 F.3d 722 (7th Cir. 2005) (8 U.S.C. § 1431(a) does not apply retrospectively to alien over eighteen years old on February 27, 2001); Gomez-Diaz v. Ashcroft, 324 F.3d 913 (7th Cir. 2003) (Petitioner subject to removal on criminal ground was not non citizen under 8 U.S.C. § 1431(a) where he was born in 1959, and thus over the age of eighteen as of February 27, 2001).

Prior to repeal, section 1432(a) provided as follows:

(a)   A child born outside of the United States of alien parents, or of a parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:

    (1)   The naturalization of both parents; or

    (2)   The naturalization of the surviving parent if one of the parents is deceased; or

    (3)   The naturalization of the parent having legal custody of the child when there has been legal separation of the parents or the naturalization of the mother if the child

---

[1] 8 U.S.C. § 1431(a), as amended October 30, 2000, reads as follows:

(a)   A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

    (1)   At least one parent of the child is a citizen of the United States, whether by birth or naturalization.

    (2)   The child is under the age of eighteen years.

    (3)   The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

> was born out of wedlock and the paternity of the child has not been established by legitimation; and if
>
> (4) Such naturalization takes place while the child is under the age of eighteen years; and
>
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432 (1999).

In order for Plaintiff to prevail in his action, he must prove that (1) both of his parents were naturalized as United States citizens, (2) that this occurred prior to Plaintiff's eighteenth birthday, and (3) that he was residing in the United States pursuant to a lawful admission for permanent residence at the time both of his parents became naturalized United States citizens.

In his Complaint (Doc. 1), Plaintiff alleges facts that clearly plead two of these elements. Plaintiff states that he entered the United States at the age of seven lawfully and thereafter became a lawful permanent resident (Doc. 1 at ¶ 7). He further alleges that subsequent to his arrival in the United States both of his parents became naturalized United States citizens (Doc. 1 at ¶¶ 5, 12, 17).

The third element is not so clearly stated, as Plaintiff does not specifically state that he was under eighteen years of age when each of his parents were naturalized. Given Plaintiff's birth date of April 24, 1967, his parents would need to have been naturalized before April 24, 1985, Plaintiff's eighteenth birthday. Plaintiff states that following his entry into the United States in 1974, his parents were subsequently naturalized (Doc. 1 at ¶ 5), that his mother was naturalized following her 1982 entry into the United States (Doc. 1 at ¶¶ 8, 12), and that his father was naturalized following "several years of lawful permanent residency." (Doc. 1 at ¶ 17). Further, the context of Plaintiff's citing in his Complaint what he believed to be the elements of automatic child citizenship indicate

he believed he was under the age of eighteen at the time of naturalization of his father (Doc. 1 at ¶¶ 16-17).

The failure to specifically state the exact time period that his parents became naturalized is not fatal to Plaintiff's Complaint, as pro se complaints must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). This is why Defendants' Motion to Dismiss for failure to state a claim may only be granted if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Haines, 404 U.S. at 521; Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). It appears to the Court that while Plaintiff did not specifically allege that his parent's naturalization took place before his eighteenth birthday, Plaintiff alleges enough information to satisfy the notice pleading requirements that require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." FED. R. CIV. P. 9(c).

In the Complaint, Plaintiff avers that he has met the statutory conditions to automatic child citizenship by stating that "the plaintiff is of the belief that he became a naturalized citizen by virtue of his entry into the United States at a young age, and by lawful means, and the subsequent naturalization of his parents." (Doc. 1 at ¶ 5). Plaintiff has described the claim in sufficient detail to meet Rule 8(a)'s requirement that he give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. ___, ___, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), and because they "plausibly suggest that he has a right to relief . . . above a speculative level" E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007). It is not "beyond doubt" that Plaintiff can prove no

set of facts in support of his claim which would entitle him to relief. Plaintiff states that his parents were both naturalized sometime after 1982. If this occurred before Plaintiff turned eighteen on April 24, 1985, then Plaintiff may well be entitled to declaratory relief. Accordingly, this Court **RECOMMENDS** that the Motion to Dismiss be **DENIED** except to the extent that Plaintiff alleges he is entitled to relief under 8 U.S.C. § 1431 (2000) (as amended).

The Court also **RECOMMENDS** that Defendant's Answer (Doc. 14) be **STRICKEN** sua sponte for failure to comply with Rule 10(b)'s requirement that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 20) be **GRANTED IN PART and DENIED IN PART**, that Defendants' Answer (Doc. 14) be **STRICKEN**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 28, 2007**

                                           s/ *Donald G. Wilkerson*
                                           **DONALD G. WILKERSON**
                                           **United States Magistrate Judge**